UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCISCO CHAVEZ-SEBASTIAN,
    Movant,

-v-

UNITED STATES OF AMERICA,
    Respondent.

No. 1:08-cr-37

HONORABLE PAUL L. MALONEY

## ORDER DENYING 28 U.S.C. § 2255 MOTION

This matter comes before the Court on Francisco Chavez-Sebastian's motion (Dkt. No. 180) to vacate, set aside, or correct sentence. Mr. Chavez-Sebastian (Movant) was sentenced by this Court on August 26, 2008 to 51 months in custody to run consecutively with a sentence imposed upon him in the Eastern District of Michigan. Pursuant to 28 U.S.C. § 2255, Movant seeks to correct his sentence so that it runs concurrent with his sentence from the Eastern District. In the alternative, Movant requests his sentence be vacated so that he might be resentenced to a term that runs partially concurrent with this sentence from the Eastern District.

I. PROCEDURAL BACKGROUND

On February 6, 2008, Mr. Chavez-Sebastian was indicted, along with five other individuals, for conspiracy to assist illegal aliens in fraudulently obtaining Michigan driver's licenses in exchange for money. The Government and Mr. Chavez-Sebastian reached a plea agreement and, on May 6, 2008, he entered a guilty plea to count 2 in the indictment, knowingly causing the transfer without legal authority a means of identification, a violation of 18 U.S.C. § 1028(a)(7). Mr. Chavez-Sebastian, through counsel, filed a sentencing memorandum, including objections to his presentence report. In the memorandum, he requested the Court "consider current sentencing with his charge

he is currently serving time for from Bay City." (Dkt. No. 144 - Sentencing Memorandum at 6.) Mr. Chavez-Sebastian noted the Court's authority to sentence him consecutively, concurrently or partially concurrently under U.S.S.G. § 5G1.3(c). He argued a concurrent sentence was appropriate because "the original sentence consists of relevant conduct and to do otherwise would amount to double punishment." *Id.*

At sentencing, this Court discussed the reasons for imposing the sentence consecutively. The Court noted the two actions against Mr. Chavez-Sebastian constituted two different aspects of a conspiracy, each a distinct line of fraud against the United States, and consequently the two crimes should be punished separately "to afford not only just punishment, but also respect for the law." (Dkt. No. 181 - Sentencing Hearing Transcript at 15.)

Mr. Chavez-Sebastian did not file a direct appeal.

II. STANDARD OF REVIEW

This Court must vacate, set aside or correct a sentence if a prisoner shows the sentence he or she serves was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, a prisoner seeking relief under section 2255 must allege (1) an error of constitutional magnitude, (2) a sentence was imposed outside the federal statutory limits, or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-497 (6th Cir. 2003)). Defendant bears the burden of establishing his constitutional claim by a preponderance of the evidence. *Id.*

2

III. ANALYSIS

   A. Erroneous Imposition of a Consecutive Sentence

Movant acknowledges the sentencing court has discretion to determine whether a sentence should be imposed concurrently or consecutively. (Def. Brief at 17). *See* 18 U.S.C. § 3584; *United State v Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (citing *United States v. Watford*, 468 F.3d 891, 916 (6th Cir. 2006)). The court should consider the factors listed in 18 U.S.C. § 3553(a) (18 U.S.C. § 3584(b)) and the relevant Guidelines recommendations and policy statements (18 U.S.C. 3553(a)(4)). *Berry*, 565 F.3d at 342. "A court does not abuse its discretion when it 'makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense.'" *Id.* (quoting *Untied States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)).

This Court exercised its discretion, recognized its responsibility, and provided a rationale consistent with the relevant statutes and Guidelines when it imposed a consecutive sentence. Accordingly, no error was committed. Movant is not entitled to have his sentence vacated, set aside or corrected on the basis that this Court abused its discretion.[1]

   B. Ineffective Assistance of Counsel

Movant asserts he was deprived of effective assistance of counsel. This argument challenges the constitutionality of his sentence. In a habeas petition, a prisoner seeking to establish ineffective assistance of counsel must establish both prongs of a two prong test. *See Nichols v. United States*,

---

[1] Standing alone, this claim that the Court abused its discretion in sentencing Movant concurrently may not be sufficient to state a claim under section 2255(a). Movant has not alleged his consecutive sentence (1) violated the Constitution or other statute, (2) was imposed even though the court lacked jurisdiction, or (3) exceeded the maximum authorized by law.

563 F.3d 240, 248 (6th Cir. 2009) (en banc) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong the prisoner must show that counsel's performance was deficient by establishing the errors made were so serious that counsel was not functioning as the counsel guaranteed a criminal defendant by the Sixth Amendment. *Id.* (quoting *Strickland*). To satisfy this first element, the prisoner must show that his or her attorney's representation fell below an objective standard of reasonableness. *Pough*, 442 F.3d at 966. Second, the prisoner must show how the deficient performance was prejudicial by establishing the errors were so serious that they deprived him or her of a fair proceeding. *Nichols*, 563 F.3d at 248 (quoting *Strickland*). To satisfy this second element, the prisoner must show there is a reasonable probability that, but for counsel's alleged deficiency, the outcome of the proceeding would have been different. *Id.* at 249 (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000)). The party alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough*, 442 F.3d at 964 (quoting *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2004)).

Movant alleges counsel was ineffective for two reasons, both relating to his consecutive sentence. First, he asserts counsel failed to properly explain how the actions that formed the basis for the two convictions, the one in the Eastern District of Michigan and the other in the Western District of Michigan, overlapped so as to constitute relevant conduct. Movant asserts counsel was ineffective because he only mentioned relevant conduct, but did not provide a sufficient explanation. (Motion at 18.) Second, Movant contends counsel was ineffective because he failed to assert at sentencing that the Government "waived" any objection to concurrent sentencing because the Government failed to oppose Defendant's argument in its response. (Motion at 19.)

Neither of Movant's assertions establish that his counsel's performance was constitutionally

deficient. First, Movant's complaint that counsel did not sufficiently explain the "relevant conduct" argument does not allege conduct that falls below an objective level of reasonableness. The Sixth Amendment of the United States Constitution guarantees effective assistance of counsel; it does not guarantee either an excellent or even a good lawyer. *Nichols,* 563 F.3d at 248 (quoting *Moran v. Trippett*, 149 F.3d 1184, 1998 WL 382698 at * 5 (6th Cir. 1998) (unpublished table opinion)). The constitutional guarantee of the effective assistance of counsel means only that the criminal defendant is entitled to a reasonably competent attorney whose performance falls within the wide range of competence expected of attorneys. *Id.* (quoting *Moran*). Movant concedes counsel asserted the "relevant conduct" argument in Defendant's sentencing memorandum.

Movant's second complaint fares no better. The Government chose not to address the "relevant conduct" argument in its response to the sentencing memorandum. The Government's silence here does not constitute a "waiver." The Government did not need to reply to Movant's assertion in order to preserve an issue for appeal or to assert a claim or an affirmative defense. Neither does the Government's silence constitute an accedence to Movant's assertion that concurrent sentences were appropriate. Movant's authority on this issue, *United States v. Castillo*, 464 F.3d 988 (9th Cir. 2006) (*Castillo I*) does not support his claim.[2]

---

[2]Movant cites page 991 of the opinion, which is part of the dissent. The divided panel's ruling was reversed by an *en banc* panel of the Ninth Circuit Court of Appeals. *See United States v. Castillo*, 496 F.3d 947 (9th Cir. 2007) (en banc) (*Castillo II*). The defendant, Mr. Jacobo Castillo, pleaded guilty and waived his right to appeal as part of the plea. *Castillo I*, 464 F.3d at 988. In spite of the terms of his plea agreement, he filed an appeal and the Government did not assert the defendant's waiver as a response to the appeal. *Id.* at 989. In a split decision, the three judge panel concluded the circuit court lacked jurisdiction over the appeal because the defendant had not entered a conditional plea pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. *Id.* The *en banc* panel disagreed and reversed. *Castillo II*, 496 F.3d at 957. Following the lead of other circuits, including the Sixth Circuit Court of Appeals, *see United States v. Caruthers*, 458 F.3d 459 (6th Cir.), *cert. denied*, 549 U.S. 1088 (2006), the *en banc*

Although not specifically addressed by Movant, even if he could establish the first prong of the test for ineffective assistance of counsel, he has not established the second prong of his claim for ineffective assistance. Had counsel made both arguments exactly as Movant suggests, he has not established a reasonable probability that a different outcome would have resulted. Before imposing sentence, this Court considered the factors listed in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3584(b), as well as the factors outlined in Application Note 3 of U.S.S.G. § 5G1.3. This Court identified more than one reason for imposing the sentence as consecutive to his sentence from the Eastern District of Michigan. This Court specifically noted the two crimes were distinct and needed to be punished separately.

    C. *Flores-Figueroa v. United States*, __ U.S. ___; 129 S.Ct. 1886 (2009)

In his reply brief, Movant argues he is entitled to withdraw his plea based on the holding in *Flores-Figueroa*, an opinion issued by the United States Supreme Court on May 4, 2009.[3] Generally, an argument raised for the first time in a reply brief is not properly before the court as the opposing side has not been afforded an opportunity to respond. *ABC Beverage Corp. & Subsidiaries v. United States*, 577 F.Supp.2d 935, 950 n.16 (W.D. Mich. 2008) (Maloney, J.). *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (explaining, in district court, issues asserted for the first time in a reply to a response are not properly raised because the other side is afforded no opportunity to respond). Because the government has been afforded no notice of this

---

panel held plea agreements do not affect appellate jurisdiction. *Id.* at 956. The panel explained Rule 11 does not affect the circuit court's subject matter jurisdiction. *Id.* at 954-955. The panel noted, however, the nature and circumstances of a plea may create preclusive effects, but what those effects might be were not at issue. *Id.* at 957. Consequently, whether the government "waived" an issue was not dispositive to the outcome.

    [3]Defendant signed his plea agreement on May 5, 2009.

6

argument and has not had an opportunity to respond to it, the issue is not properly before this Court. The Court notes the Supreme Court opinion was issued the day before Movant signed his plea agreement. To the extent Movant could establish the opinion constitutes either newly discovered evidence or a new rule of constitutional law made retroactive, he may be entitled to file a second 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007).

IV. CONCLUSION

Movant is not entitled to have his sentence corrected, vacated or set aside. No error occurred when this Court sentenced Movant to serve his sentence consecutively to the sentence handed down in the Eastern District of Michigan. Movant has not shown counsel's performance during the sentencing process was constitutionally deficient. Neither has Movant shown that, but for counsel's complained of conduct, there is a reasonable probability that the outcome would have been different. Finally, the claim premised on the holding in *Flores-Figueroa* is not properly before the Court as it was raised in a reply brief.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). Under 28 U.S.C. § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S.

473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). *See Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009) (holding that *Slack v. McDaniel* requires a district court to provide a detailed certificate of appealability analysis as to each claim the petitioner raises in his or her petition).

Defendant is not entitled to a certificate of appealability. Defendant has not alleged errors over which reasonable jurists could disagree about whether constitutional violations occurred. Defendant's complaints about his attorney's performance do not allege the sort of deficiencies arising to a violation of the constitutional right to representation. Given this Court's comments about the two crimes at sentencing and the discretion afforded this Court in deciding whether to impose consecutive or concurrent sentences, Defendant has not established a reasonable probability that, but for counsel's performance, the results would have been different.

## ORDER

Defendant motion (Dkt. No. 180) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

A certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: September 9, 2009              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge