UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

No. 1:08-cr-37

-v-

HONORABLE PAUL L. MALONEY

FRANCISCO CHAVEZ-SEBASTIAN,
    Defendant.

ORDER DENYING DEFENDANT'S MOTION FOR RE-SENTENCING
ORDER DENYING DEFENDANT'S REQUEST FOR COUNSEL AS MOOT

Defendant Francisco Chavez-Sebastian pleaded guilty to three counts in the indictment, violations of 18 U.S.C. § 1087(a)(7), § (b)(1)(A)(ii), and § (c)(3)(B). Defendant now comes before the court on a motion for resentencing under 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 197.) Defendant argues the holding in *Flores-Figueroa v. United States*, ___ U.S. __, 129 S.Ct. 1886 (2009), which interpreted 18 U.S.C. § 1028A(a)(1), compels this court to vacate his sentence and recalculate his score under the Sentencing Guidelines.

The authority of this court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). The statute cited by Defendant, 18 U.S.C. § 3582(c), authorizes this court to resentence a defendant only under specific and limited circumstances. The statute provides

> (c) Modification of an imposed term of imprisonment. - - The court may not modify a term of imprisonment once it has been imposed except that - -
>     (1) in any case - -
>         (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of

> probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that - -
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, . . .
>>> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Rule 35 of the Federal Rules of Criminal Procedure authorizes a court to correct or reduce a sentence under two specific circumstances. Under section (a) of Rule 35, within fourteen days of sentencing, a court may correct a sentence that resulted from an arithmetical, technical or other clear error. FED. R. CRIM. P. 35(a). Under section (b) of Rule 35, a court may reduce a sentence upon the Government's motion if the defendant provided substantial assistance to the Government. FED. R. CRIM. P. 35(b).

Defendant is not entitled to the relief sought. Defendant cannot establish the circumstances required by the statute have manifested such that he is entitled to a correction or reduction in his sentence under the statute. Therefore, this court lacks jurisdiction to consider Defendant's motion. *See United States v. Benjamin*, No. 97-2147, 1999 WL 685924, at * 4 (6th Cir. Aug. 26, 1999) (unpublished table opinion) (affirming trial courts conclusion that it lacked jurisdiction to resentence

the defendant under § 3582 because none of the circumstances outlined under subsection (c) were present). Defendant is not entitled to resentencing under § 3582(c)(1)(A). That subsection of the statute requires the Director of the Bureau of Prisons to request the modification based on extraordinary or compelling circumstances. Defendant is not entitled to resentencing under § 3582(c)(1)(B). That subsection authorizes a defendant to have his sentence corrected or reduced under Rule 35 of the Rules of Criminal Procedure. Neither of the circumstances outlined in Rule 35 are present. More than fourteen days have passed since Defendant was sentenced and Defendant's motion is not premised on an arithmetical, technical or clear error. The Government has not moved for a reduction in Defendant's sentence on the basis of his substantial assistance. Finally, Defendant is not entitled to resentencing under § 3582(c)(2). The relief afforded under this subsection is available only when the Sentencing Commission changes a sentencing range. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) (rejecting the argument that the holding in *United States v. Booker*, 543 U.S. 220 (2005) entitled the defendant to be resentenced under § 3582).

For these reasons, Defendant's motion for resentencing (Dkt. No. 197) is **DENIED. IT IS SO ORDERED.**

Having resolved Defendant's motion for re-sentencing, his request for counsel is MOOT.

Date:   March 29, 2010                                          /s/ Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       Chief United States District Judge